UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COLLIN SPOTTED ELK<br><br>Defendant. | 5:06-CR-50006-05-KES<br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Collin Spotted Elk, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 1345. Plaintiff, the United States of America, opposes the motion. Docket 1357. For the following reasons, the court denies defendant's motion for compassionate release.

## BACKGROUND

On October 4, 2006, Spotted Elk was found guilty of one count of conspiracy to distribute a controlled substance (cocaine) in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii); one count of conspiracy to distribute a controlled substance (marijuana) in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B); one count of possession of a controlled substance with intent to distribute (cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and one count of possession of a firearm in relation to drug trafficking crime 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B). Docket 831; Docket 634 at 27. On February 21, 2007, the court sentenced Spotted Elk to 292 months on count I, 60 months on count II, 240 months on count V, 60 months on count VI with all counts to run concurrent except count VI that would run

consecutive. Docket 831 at 2. The terms of supervised release were as follows: 5 years on count I, 2 years on count II, 3 years on count V, and 5 years on count VI with all terms to run concurrently. Docket 827; Docket 831 at 2-3. Spotted Elk appealed his conviction. Docket 841. The Eighth Circuit Court of Appeals affirmed the possession and two conspiracy to distribute convictions but vacated the firearm conviction. Dockets 942, 943. Based on the ruling of the Eighth Circuit Court of Appeals, the court later modified Spotted Elk's sentence to 352 months on counts I, 60 months on count II, and 240 months on count V, followed by 5 years of supervised release on count I, 2 years of supervised release on count II, and 3 years of supervised release on count V, all to be served concurrently. Docket 985; Docket 986 at 2-3. Spotted Elk is eligible for home confinement on February 23, 2026, and his current anticipated release date is August 23, 2026. Docket 1349 at 84.

Spotted Elk is incarcerated at Federal Correctional Institution (FPI) Big Spring in Big Spring, Texas. *Id.* at 89. As of November 25, 2020, there are currently 45 active COVID-19 cases among FCI Big Spring's inmates and staff, 3 deaths from COVID-19, and 698 inmates have recovered from COVID-19. *See BOP: COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited on Dec. 2, 2020).

Spotted Elk is 39 years old. Docket 1349 at 3. His chronic medical conditions include asthma, hypertension, a spot on his left mid-lung, and obesity. Docket 1345 at 3; Docket 1352 at 9-10. As of May 28, 2020, Spotted Elk weighed 265 pounds and is 69 inches tall. Docket 1347 at 571. Based on

his weight and height, his body mass index (BMI) is a 39.1. *See Adult BMI Calculator*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi _calculator.html (last visited on Dec. 2, 2020).

On July 6, 2020, Spotted Elk completed an Inmate Request to Staff form, requesting that he be considered for compassionate release due to COVID-19. Docket 1364-1 at 3. On August 21, 2020, Spotted Elk's request was received by the facility's warden. *Id.* at 4. The warden denied Spotted Elk's request on September 2, 2020. *Id.* On September 17, 2020, Spotted Elk filed a pro se motion with the court for relief under the First Step Act. Docket 1345. Spotted Elk's counsel subsequently filed a supplement to his pro se motion. Docket 1352.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. § 603. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing

3

Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(1) (U.S. Sentencing Comm. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Spotted Elk argues that the risks posed by the global COVID-19 pandemic, together with his adverse health conditions satisfies the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 1352 at 3-13. Spotted Elk requests a sentence of time served and, if deemed necessary by the court, a period of home confinement as a condition of supervised release. *Id.* at 1.

I.  **Administrative Exhaustion**

Previously, only the BOP Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Spotted Elk submitted a request for home confinement on July 6, 2020.

The warden received the request on August 21, 2020. The 30-day period expired on September 20, 2020. Given that the 30-day waiting period required by 18 U.S.C. § 3582(c)(1)(A) has lapsed, Spotted Elk's motion is ripe for review on the merits.

## II.     Extraordinary and Compelling Reasons

Section 3582(c)(1)(A)(i) provides that the sentencing court may grant compassionate release based on "extraordinary and compelling reasons[.]" Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* Additionally, there is a fifth catch-all category for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1(D).

After the FSA was passed, the Sentencing Commission did not update its policy statement because the Sentencing Commission has not had a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019) ("As

the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future."). As a result, district courts are left to determine whether the policy statement of the Sentencing Commission that was in existence when the FSA was passed still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr. 29, 2020). It is clear that Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the Commission has not addressed whether the policy statement from the old regime is applicable to the new statute nor has it adopted a new policy statement. Because the First Step Act changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 578-80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020). This uncertainty has not yet been addressed by the Eighth Circuit. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020)

("We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13."); *see also United States v. Frith*, 2020 WL 4229160, at *2 (D.N.D. July 23, 2020).

Assuming that the policy statements continue to apply to compassionate release motions brought under the amended FSA, Spotted Elk has failed to show that his medical conditions rise to extraordinary and compelling circumstances.

Spotted Elk contends that his circumstances warrant relief under the medical conditions category, U.S.S.G. § 1B1.13 comment note 1(A), and the catch-all provision, U.S.S.G. § 1B1.13 comment note 1(D). Docket 1352 at 4. Spotted Elk argues that his health conditions—asthma, hypertension, a spot on left mid-lung, and obesity—put him at high-risk of severe illness if he contracts COVID-19. Docket 1345 at 3; Docket 1352 at 9-10.

COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. People with the following health conditions are at an increased risk of severe illness from COVID-19: cancer, chronic kidney disease, chronic obstructive pulmonary disease, immunocompromised state from organ transplant, obesity (a BMI of 30 or higher), smoking, serious heart conditions, sickle cell disease, and Type II diabetes. *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (Nov. 2, 2020). The Centers for Disease Control and Prevention (CDC) also provided a list of medical conditions that *may* put a

7

person at an increased risk of severe illness from COVID-19. *Id.* These medical conditions include asthma (moderate to severe), hypertension or high blood pressure, liver disease, overweight, and several others. *Id.*

The court has reviewed the medical records submitted in this case. Spotted Elk's medical conditions include asthma, hypertension, and obesity. The CDC has identified that people who are obese (a BMI of 30 or higher) are at an increased risk of severe illness from COVID-19. With a BMI of 39.1, Spotted Elk is obese. But "the fact that [Spotted Elk] suffers from obesity during the age of the COVID-19 pandemic does not necessarily mean, on its own, that extraordinary and compelling reasons justify the reduction of his sentence." *United States v. Williams*, 2020 WL 4756743, at *5 (E.D. Pa. Aug. 17, 2020); *see also United States v. McAbee*, No. 4:14-CR-40027-KES, 2020 WL 5231439, at *3-4 (D.S.D. Sept. 2, 2020) (finding defendant with asthma and a BMI of 30.8 or 31.7 did not establish extraordinary and compelling reasons); *United States v. Saenz*, No. 3:10-CR-30027-RAL, 2020 WL 4347273, at *5 (D.S.D. July 29, 2020) (finding defendant with other medical conditions and a BMI between 40 and 44.9 did not establish extraordinary and compelling reasons).

Spotted Elk's asthma is listed as a medical condition that *might* increase the risk of severe illness from COVID-19. In summer of 2019, Spotted Elk's asthma was noted as moderate, but he had no asthmatic symptoms. Docket 1347 at 492. As of April of 2020, Spotted Elk's asthma condition was described as "doing well." *Id.* at 578. Spotted Elk's asthma appears to be managed with two prescribed inhalers. *Id.* at 589; *see United States v. Muhlenhardt*, 2020 WL

8

4697112, at *4 (D. Minn. Aug. 13, 2020) ("[D]espite the risk [the defendant's] asthma can present, the Court agrees with the findings of several courts that this risk alone is insufficient to warrant release."); *United States v. Slone*, 2020 WL 3542196, at *6 (E.D. Pa. June 30, 2020) ("[A]n incarcerated person arguing extraordinary and compelling reasons based on asthma which is not moderate to severe is not entitled to compassionate release.").

Spotted Elk's hypertension is listed as a medical condition that *might* increase the risk of severe illness from COVID-19. He is prescribed three medications to manage his hypertension. Docket 1349 at 12. Spotted Elk has not identified how any of his medical conditions prevent him from providing self-care in a correctional facility setting or how they amount to extraordinary and compelling circumstances.

While some of these chronic conditions may put Spotted Elk at a higher risk of severe illness if he contracts COVID-19, that has not been the case as of yet. *See United States v. Fry*, 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (holding that to merit compassionate release, inmate "must show more than a mere speculation of the possibility of contracting the virus."). Additionally, there is no evidence in the record to suggest he has not been able to manage these conditions while in the prison environment. Spotted Elk is receiving medical attention and treatment for these conditions, which all appear to be stable or controlled. *See* Docket 1347 at 5, 94, 108, 229, 238, 337, 340, 469, 489, 554, 556; Docket 1349 at 8, 16. "Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v.*

9

*Ayon-Nunez*, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020) (internal quotation omitted). Thus, the court finds that Spotted Elk does not satisfy the criteria under U.S.S.G. § 1B1.13 comment note 1(A) or U.S.S.G. § 1B1.13 comment note 1(D).

The court believes that Spotted Elk's medical conditions are appropriately managed at FCI Big Spring, that the facility is engaged in strenuous efforts to protect inmates against the spread of COVID-19, and that it would act to treat any inmate who does contract COVID-19. Although the court in no way underestimates Spotted Elk's health conditions, such ailments, coupled with the present conditions at FCI Big Spring, do not establish extraordinary and compelling reasons justifying his early release.

Even assuming Spotted Elk's medical conditions are "extraordinary and compelling reasons warrant[ing] such a reduction" under 18 U.S.C. § 3582(c)(1)(A)(i), the sentencing factors in § 3553(a) do not weigh in favor of a reduction. Spotted Elk was convicted of two counts of conspiracy to distribute a controlled substance and possession with intent to distribute a controlled substance. Docket 634 at 27; Docket 831. This conspiracy involved a total of sixteen defendants and Spotted Elk held a very active role. PSR ¶¶ 7, 11, 14-15. He utilized minors to sell drugs and sold drugs to them. *Id.* ¶ 19. From 2001 to 2006, approximately 15 to 50 kilograms of cocaine were attributed to the defendant. *Id.* ¶ 20. When calculating his offense level, he received numerous offense level increases due to the utilization of dangerous weapons, his role in the offense, and the incorporation of minors within the conspiracy.

*Id.* ¶ 33.  Spotted Elk's total offense level was 40 and he was in criminal history category I. *Id.* ¶ 65. His advisory guideline range was 292 to 365 months. *Id.* The court sentenced him within his guideline range to 352 months. Docket 986 at 2. Spotted Elk has served approximately 71% of his statutory term and 61% of his full term. Docket 1349 at 85. Therefore, the court finds that Spotted Elk's original sentence of 352 months in custody with 5 years of supervised release continues to be appropriate for the seriousness of the crimes for which he was found guilty.

## CONCLUSION

Spotted Elk has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 1345) is denied.

Dated December 2, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
